UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00089 MCE |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JAMES STEWART RICHARDS, | |
| Defendant. | |

In its Superseding Indictment, filed June 23, 2011, the government charges Defendant James Stewart Richards ("Defendant") with a single count of attempting to evade and defeat federal income tax in violation of 26 U.S.C. § 7201.  The initial indictment in this matter was filed on March 11, 2011, and prompted defense counsel to move to dismiss on grounds that said indictment was duplicitous, and that some or all of the tax returns in question (any subsequent related activity) were barred from prosecution based upon the statute of limitations.

///
///
///

1

By Memorandum and Order filed April 6, 2011, Defendant's Motion to Dismiss was granted on grounds that the Court could not ascertain from the face of indictment just how Defendant's more recent behavior falling within the requisite statute of limitations constituted continuing affirmative acts of evading the payment of taxes owed between 1994 and 2003, years otherwise well beyond the relevant limitations period.  The government proceeded to file its Superseding Indictment and Defendant now once again moves to dismiss the superseding charges on grounds similar to those previously raised with respect to the original indictment.  In essence, the defense alleges that the Superseding Indictment suffers from the same flaws that doomed its predecessor.  The Court disagrees, and for the reasons set forth below, as well as for the reasons articulated from the bench by the Court at the time of the October 4, 2012 hearing in this matter, Defendant's renewed Motion to Dismiss is denied.

**BACKGROUND**[1]

    The Superseding Indictment in this matter, returned by the Grand Jury and filed on June 23, 2011, charges Defendant with one count of evading and defeating federal income tax pursuant to 26 U.S.C. § 7201.

///
///
///

---

[1] All facts included in this section are drawn from the allegations contained in the Superseding Indictment (ECF No. 48).

Specifically, the Superseding Indictment alleges that Defendant owes the United States of America Internal Revenue Service (the "IRS") $177,875 in back taxes from successive tax years 1994 through 2003.  The Government contends that Defendant, from approximately November 2000 to June of 2007, willfully attempted to evade payment of a large portion of the aforementioned due and owing taxes.  Specifically, the Superseding Indictment, like its predecessor, alleges that Defendant concealed and attempted to conceal from the IRS the "nature of his income, assets, and the locations thereof," in violation of § 7201.  The Superseding Indictment goes on to provide, however, unlike the original Indictment, considerably more detail as to how the purported concealment occurred.  From October 2002 through January 2005, for example, the Superseding Indictment alleges that Defendant continued to use a client's trust account, even after the client's lawsuit settled and the funds were disbursed, to conduct his own personal business and real estate transactions so as to conceal such assets and their location from the IRS.  Sup. Ind., ¶ 9.  One example cited is Defendant's withdrawal, on June 2, 2004, of a cashier's check in the amount of $100,000 of his personal funds from the client trust account to give to another person.  Id.  The Superseding Indictment goes on to allege that on January 11, 2005, Defendant instructed his bank not to provide the IRS with any records pertaining to the trust account, and then proceeded to withdraw approximately $100,000 the same day in the form of five different cashier's checks, each with a face value of approximately $20,000.  Id. at ¶ 10.

///

1  Additionally, as the Government maintained in its previous
2  indictment (albeit in less detail), the Defendant is alleged to
3  have purchased a yacht in July of 2005 for the sum of $92,000, only
4  to register and title the watercraft in the name of another in
5  January of 2006 for purposes of concealing the asset and its
6  location from the IRS.  Id. at ¶ 15.  Finally, the Superseding
7  Indictment details several material misrepresentations made by
8  Defendant both to an IRS officer and to the bankruptcy court in
9  order to hide assets from the IRS.  Id. at ¶¶ 13, 16.
10     Defendant filed the Motion to Dismiss now before the Court on
11 June 28, 2012.

### STANDARD

15     Federal Rule of Criminal Procedure Rule 7(c) requires an
16 indictment, or the information contained therein, must be a "plain,
17 concise, and definite written statement of the essential facts
18 constituting the offense charged."  The sufficiency of such an
19 indictment hinges upon whether it "adequately alleges the elements
20 of the offense and fairly informs the defendant of the charge, not
21 whether the Government can prove its case."  United States v.
22 Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993) (quoting United
23 States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982).  The
24 allegations contained in an indictment should be "presumed to be
25 true," read both as a whole and to "include facts which are
26 necessarily implied," and should also be construed with "common
27 sense."  Blinder, 10 F.3d at 1471.
28 ///

In ruling on a pre-trial motion to dismiss an indictment, "the district court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). However, the motion should not be "used as a device for a summary trial of the evidence . . . . The Court should not consider evidence not appearing on the face of the indictment." Id. (internal citations omitted).

**ANALYSIS**

Mirroring the allegations he raised with respect to the initial Indictment in this matter, Defendant again argues that the Superseding Indictment should be dismissed because the statute of limitations bars prosecution for the tax years in question and because the indictment continues to be duplicitous. Additionally, Defendant contends that the Government was barred from reindicting the case in the first instance because the original indictment was dismissed on statute of limitations grounds. The Government, for its part, argues that the indictment is valid on its face, is timely filed and is not duplicitous.

A conviction for felony tax evasion requires the government prove the following: "(1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act of evasion or affirmative attempt to evade." United States v. Carlson, 235 F.3d 466, 468 (9th Cir. 2000). Section 7201 is widely interpreted to include two crimes: the offense of "willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax."

1  United States v. Mal, 942 F.2d 682, 687 (9th Cir. 1991) (quoting
2  Sansone v. United States, 380 U.S. 343, 354 (1965)).  Evasion of
3  assessment generally affects the filing of return, either through
4  concealing income or falsifying the return in some way.  See Mal,
5  942 F.2d at 687.  Evasion of payment, on the other hand,
6  "generally involves conduct designed to place assets beyond the
7  government's reach after a tax liability has been assessed,"
8  through various means such as "transferring assets abroad, placing
9  assets in the names of others, or using cash transactions to
10 conceal the existence of assets."  Id.
11     The United States Code requires that the Government bring
12 claims for "the offense of willfully attempting in any manner to
13 evade or defeat any tax or the payment thereof" within six years of
14 the offense's commission.  26 U.S.C. § 6531(2).  In cases of
15 evasion of payment, the method of evasion involved in this case, an
16 indictment is considered timely "so long as it is returned within
17 six years of an affirmative act of evasion," "[e]ven if the taxes
18 evaded were due and payable more than six years before the return
19 of the indictment."  United States v. DeTar, 832 F.2d 1110, 1113
20 (9th Cir. 1987).  Here, as the Government points out, the
21 Superseding Indictment identifies affirmative acts of evasion that
22 occurred in 2004, 2005 and as late as June of 2007.  As set forth
23 above, the Government further details just how the evasive acts
24 were related to Defendant's overall tax deficiency.  The
25 allegations contained in the Superseding Indictment clearly put
26 Defendant on notice of the charges being levied against him.
27 ///
28 ///

1  Since this case was originally indicted on March 11, 2010, the
2  affirmative and continuing acts alleged between 2004 and 2007 bring
3  it well within the statute of limitations.
4      With respect to the Government's ability to reindict in the
5  first place, 18 U.S.C. section 3288 generally permits a new
6  indictment to relate back to the date of the original indictment
7  for purposes of the statute of limitations, unless the previous
8  indictment was dismissed for failure to comply with the applicable
9  statute of limitations.  The defense argues that this savings
10 clause prohibits the Government from reindicting.
11     The defense's position in this regard is misplaced.  In <u>United
12 States v. W.R. Grace</u>, 504 F.3d 745 (9th Cir. 2007), an original
13 indictment was dismissed as time barred, but the superseding
14 indictment changed the structure of the charging document.  The
15 Ninth Circuit reversed the district court's dismissal of the
16 superseding indictment, reasoning that the savings clause "permits
17 amendment when the original was structurally flawed but timely
18 filed."  <u>Id.</u> at 752.  Here, the Court's prior dismissal was made on
19 grounds that the affirmative acts of evasion were not adequately
20 stated.  The Court specifically noted that it did not foreclose the
21 possibility that the last affirmative act Defendant took to evade
22 payment of taxes occurred within the statutory period, finding only
23 that on the face of the original indictment this connection could
24 not be made. Here, the Government has revised its original
25 indictment to address the structural concerns that prompted the
26 Court to dismiss that indictment. As such, the Superseding
27 Indictment is proper.
28 ///

1    Turning finally to the defense's claim that the Superseding
2 Indictment is fatally duplicitous (by charging Defendant with
3 defeating payment of taxes for separate tax years in a single
4 count), the Court again disagrees. As noted by the Court in <u>United
5 States v. Root</u>, 585 F.3d 145 (3rd Cir. 2009) it is permissible
6 under Section 7201 to charge tax evasion covering several years in
7 a single count alleging a consistent, long-term pattern of conduct
8 directed at the evasion of taxes over those years.  <u>Id.</u> at 151,
9 citing <u>United States v. Shorter,</u> 809 F.2d 54 (D.C. Cir.  This is
10 exactly what the Government has done here.

## CONCLUSION

14   For all the foregoing reasons, and for the additional reasons
15 stated by the Court on the record in its ruling from the bench on
16 October 4, 2012, Defendant's Motion To Dismiss the Superseding
17 Indictment (ECF No. 79) is DENIED.
18   IT IS SO ORDERED.

Dated:  October 22, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE